IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| S&S VENTURES, LLC, | : | |
|   Plaintiff, | : | |
| | : | |
|   v. | : | CASE NO.: 7:22-CV-00090 |
| | : | |
| SOUTHLAND WOOD RECYCLING, | : | |
| LLC & LUCIUS WAYNE MOORE | : | |
|   Defendants. | : | |
| _____ | : | |

**ORDER**

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction, which was filed on December 5, 2022. (Doc. 15.) Therein, Plaintiff requests that this Court enter an order "requiring defendants Southland Wood Recycling, LLC ("Southland Wood") and Lucious Wayne Moore ("Moore") to pay into the Court's registry the proceeds of any sale of Southland Wood and/or any sale of some or all of the assets of Southland Wood that has been consummated or will be consummated during the pendency of this action." (*Id.*) For the reasons that follow Plaintiff's Motion for a Preliminary Injunction (Doc. 15) is **DENIED without prejudice**.

**RELEVANT PROCEDURAL HISTORY**

On September 1, 2022, Plaintiff filed the present breach of contract action against Defendants. (Doc. 1.) On September 27, 2022, Defendant filed a Consent Motion for an Extension of Time to file an Answer. (Doc. 5.) This Court entered an Order granting the Consent Motion (Doc. 5) on September 28, 2022. (Doc. 6.) Defendants filed their Answer on November 4, 2022. (Doc. 8.)

On November 8, 2022, this Court issued its Rule 16/26 Order setting a Scheduling Conference for December 28, 2022. (Doc. 11.) On November 22, 2022, Defendant filed an Unopposed Motion, in which Defendant moved to continue the December 28, 2022, Scheduling Conference. (Doc. 12.) While Defendant's Motion (Doc. 12) was under consideration Plaintiff filed an Amended Complaint on November 25, 2022. (Doc. 13.) This

Court subsequently entered an Order (Doc. 14) granting Defendant's Motion to Continue (Doc. 12) to a date to be determined by the Court. Seven (7) days later on December 5, 2022, Plaintiff filed the presently pending Motion for a Preliminary Injunction. (Doc. 15.)

## **DISCUSSION**

In the United States Court of Appeals for the Eleventh Circuit, in order to obtain a preliminary injunction a party must make the following four (4) showings:

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *accord Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). In this Circuit "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *Siegel*, 234 F.3d at 1176 (citing *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

In the present case, Plaintiff's Motion for a Preliminary Injunction (Doc. 15) is due to be denied as Plaintiff has failed to show that irreparable injury will be suffered unless the injunction issues. Plaintiff has failed to show that irreparable injury will be suffered if this Court declines to issue a preliminary injunction for three (3) reasons.

The first reason this Court declines to issue a preliminary injunction is because Plaintiff delayed for over three (3) months from commencing this action before moving for a preliminary injunction. (Docs. 1 & 15.) In the United States Court of Appeals for the Eleventh Circuit "[a] delay in seeking a preliminary injunction of even only a few months – though not necessarily fatal – militates against a finding of irreparable harm." *Wreal, LLC v. Amazon.com*, 840 F.3d 1244, 1248 (11th Cir. 2016). A delay of only a few months militates against a finding of irreparable harm because a preliminary injunction requires a showing of "imminent" irreparable harm." *Siegel*, 234 F.3d at 1176-77. Accordingly, this Court finds that Plaintiff's delay in seeking a preliminary injunction weigh against a finding of irreparable harm.

The second reason this Court declines to issue a preliminary injunction at this time is that the harm that Plaintiff claims that he will suffer is both speculative and uncertain. (Doc.

15.) Pursuant to Plaintiff's Motion (Doc. 15-1 at 16) Plaintiff understands that Defendant remains in negotiations for the sale of Defendant's business. Plaintiff does not claim or show, however, that Defendants have agreed to terms of sale, found a buyer, or transferred any ownership interest in Defendants' business to a third party.

It is Plaintiff's position that if the sale of Defendants' business was to go through during the pendency of this action Plaintiff would suffer a substantial and/or irreparable injury. (Doc. 15-1 at 17.) This showing is insufficient, however, in light of the United States Supreme Court's requirement that Plaintiff's seeking preliminary relief "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008). In the present case, there has not even been a showing that the sale of the business is pending or likely at some point in the near future. Accordingly, any harm that Plaintiff might suffer in the absence of an injunction remains mere conjecture at this time.

The final reason that this Court declines to issue a preliminary injunction at this time is that the harm that Plaintiff alleges that they would suffer – monetary damages – is not irreparable. Plaintiff appears to acknowledge this fact in their Motion when they note that "it would be very difficult, if not impossible for [Plaintiff] recover" what Plaintiff claims to be entitled from the sale if an injunction were not issued. (Doc. 15-1 at 17.) Mere difficulty, however, is insufficient, the harm must be irreparable. Furthermore, if Plaintiff does prevail on the merits of his case, Plaintiff can collect the monetary damages from Defendant through other means.

In summation, as Plaintiff has failed to show that irreparable injury will occur if this Court declines to grant a preliminary injunction, Plaintiff's Motion (Doc. 15) is **DENIED without prejudice**. As Plaintiff failed to show that irreparable injury would occur the Court needs not and declines to address the other requirements at this time.

**SO ORDERED**, this 7th day of December, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3